UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

DIANNE SHEFFIELD,

                    Plaintiff,

     -against-

ROSLYN UNION FREE SCHOOL DISTRICT, and
THE ROSLYN UNION FREE SCHOOL DISTRICT
BOARD OF EDUCATION,

                Defendants.

-----------------------------------------------------------X

**ORDER**
13-CV-5214 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★   SEP 23 2014   ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

     Plaintiff Dianne Sheffield ("plaintiff") brings this action against defendants the Roslyn

Union Free School District (the "District") and the Roslyn Union Free School District Board of

Education (the "Board") (collectively, "defendants"), alleging violations of her constitutional

right to due process pursuant to 42 U.S.C. § 1983 ("Section 1983") and various state law claims.[1]

[Docket Entry No. 11 (Declaration of Gerald S. Smith, Esq. ("Smith Decl."), Ex. A (the

"Complaint"))]. Defendants moved to dismiss plaintiff's complaint. [Docket Entry No. 10].

Plaintiff cross-moved for leave to amend. [Docket Entry No. 41]. Now before the Court is the

Report and Recommendation of Magistrate Judge A. Kathleen Tomlinson dated August 11, 2014

(the "Report") that defendants' motion to dismiss be granted and that plaintiff's motion to amend

be denied. [Docket Entry No. 23].[2] On September 2, 2014, plaintiff filed objections to the

---

[1]     Plaintiff originally commenced this action in the Supreme Court of the State of New York,
County of Nassau on or about September 6, 2013. [Docket Entry No. 11, Ex. A]. On September 19,
2013, defendants removed this action to the United States District Court for the Eastern District of New
York, pursuant to 28 U.S.C. §§ 1441 and 1331. [Docket Entry No. 1].

[2]     The facts underlying this action are set forth in the Report and are hereby incorporated by
reference.

Report ("Obj."). [Docket Entry No. 26]. On September 16, 2014, defendants filed a response to plaintiff's objections ("Rep. to Pls.' Obj."). [Docket Entry No. 27]. The Court has fully considered the parties' submissions. For the reasons that follow, the Court adopts the Report in its entirety.

I.     Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.    Discussion

Plaintiff objects to: (1) the standard applied by Magistrate Judge Tomlinson in reviewing defendants' motion to dismiss; (2) Magistrate Judge Tomlinson's ruling that plaintiff has not stated viable claims for libel, libel *per se* and defamation; and (3) Magistrate Judge Tomlinson's ruling that plaintiff has not stated a viable claim for a stigma-plus due process violation under Section 1983. *See generally* Obj. Accordingly, the Court is required to conduct a *de novo* review of those portions of the Report. Upon *de novo* review of the Report and consideration of the plaintiff's objections and the defendants' responses thereto, the Court overrules the objections and accepts the Report in its entirety.[3]

A.    Standard of Review Applied by Magistrate Judge Tomlinson

Plaintiff contends that "the Report and Recommendation improperly resolved issues of fact in favor of Defendants and failed to accept all well-pleaded allegations in the complaint as true [and] drawing all reasonable inferences in the plaintiff's favor." Obj., at 1 (internal citations omitted). Plaintiff's one specific example is that the Report, in concluding that the alleged defamatory remarks were protected by absolute immunity, "fails to give credence to Plaintiff's allegations regarding the malicious nature of such remarks, but rather, assumes they were issued as part of the Board discharge of their quasi-judicial duties, within the scope of their authority." Obj., at 4.

---

[3]    Plaintiff has not objected to the portions of the Report recommending dismissal of count one (1): violation of New York Civil Service Law § 75-b; count four (4): breach of contract; and count five (5): breach of implied contract. Upon review of those branches of the Report, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts and adopts those sections of the Report.

Upon a *de novo* review, this Court is satisfied that Magistrate Judge Tomlinson adhered to the correct standard in reviewing the parties' submissions and issuing the Report.[4] Contrary to plaintiff's contention, Magistrate Judge Tomlinson did not accept as true defendant's justification for the allegedly defamatory statement. Rather, Magistrate Judge Tomlinson looked to the four corners of the allegedly defamatory statement made by the Board on September 20, 2012 [Docket Entry No. 11 (Smith Decl., Ex. C. (the "Board Statement"))][5] and decided, as a matter of law, that the remarks were protected by absolute immunity. *See Aequitron Med., Inc. v. Dyro*, 999 F. Supp. 294, 297 (E.D.N.Y. 1998) ("Whether the absolute privilege attaches to alleged defamatory statements is a question of law for the court."). The Court finds plaintiff's objection to the Magistrate Judge's application of the proper standard for determining a motion to dismiss to be without merit.

B.    Absolute Immunity for Libel, Libel Per Se, and Defamation Claims

Plaintiff objects to the Report's dismissal of the libel, libel *per se* and defamation claims and to the Report "mistakenly giving credence to Defendants' factual assertions and concluding that the defamatory remarks were protected by absolute immunity and therefore, not actionable." Obj., at 3. For the reasons explained herein, the Court holds that that plaintiff's libel, libel *per se* and defamation claims should be dismissed because defendants are entitled to absolute immunity.

---

[4]    The Report explicitly states that "[a]ll facts alleged by the Plaintiff are assumed to be true for purposes of this motion and are construed in a light most favorable to the Plaintiff as the non-moving party." Report, at 2.

[5]    Because the complaint heavily relies on the Board Statement and incorporates it by reference, the Court may properly consider the Board Statement in adjudicating defendants' motion to dismiss. *See ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. 2014) ("'In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies.'" (quoting *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013))).

New York law considers a statement by an executive official to be absolutely privileged when it is made in the exercise of his executive function and has some relation to the executive proceeding in which the official is acting. *Sheridan v. Crisona*, 14 N.Y.2d 108, 249 N.Y.S.2d 161, 198 N.E.2d 359 (1964). There is a two prong test to determine the applicability of absolute immunity to an alleged defamatory statement: the first prong focuses on the personal position or status of the speaker.[6] *See Doran v. Cohalan*, 125 A.D.2d 289, 291, 509 N.Y.S.2d 51 (N.Y. Sup. Ct. N.Y. Cnty. 1986). The second prong "requires an examination of the subject matter of the statement and the forum in which it is made in the light of the speaker's public duties." *Id.* Only statements made in the course of the speaker's discharge of his official responsibility will be protected; an executive official "may still be sued if the subject of the communication is unrelated to any matters within his competence or if the form of the communication -- e.g., a public statement -- is totally unwarranted." *Lombardo v. Stoke*, 18 N.Y.2d 394, 401, 276 N.Y.S.2d 97, 222 N.E.2d 721 (1966).

Plaintiff's objection focuses upon the second prong of this test, alleging that the Report "assumes [the statements] were "issued as part of the Board discharge of their quasi-judicial duties, within the scope of their authority" (Obj., at 4) and "fails to give credence to Plaintiff's allegations regarding the malicious nature of such remarks." *Id.*

Examining the text of the Board Statement, as well as the allegations in the complaint, the Court finds the Report's conclusion that defendants were acting with the scope of their official capacity when they published the Board Statement to be correct. The subject matter of the Board Statement – a public explanation of the termination of the District's Claims Auditor in

---

[6]    Plaintiff does not object to the Report's finding that the first prong is satisfied here. As the Report notes, New York courts recognize that members of boards of education, as well as school districts, are entitled to absolute immunity for statements made in the discharge of their official duties. *See* Report, at 19-21. This Court finds no clear error in the Report's finding on this point.

an attempt to "be fully transparent" (Board Statement, at 1), "restore the trust that was badly damaged through financial scandal" (*id.*) and reassure the community that there were no "financial irregularities with regard to the School District finances" (*id.*) – is within the competence and purview of the Board of Education and the District and is not totally unwarranted given the District's recent history of "improprieties and criminal acts." *Id.* The forum in which the Board Statement was made – on the District's own website (Complaint ¶ 77; *see also* Board Statement at 1) – further supports the conclusion that defendants were acting within the scope of their official capacity when they published the Board Statement. As noted *supra* in Section II.A., Magistrate Judge Tomlinson, in determining whether it was within the scope of defendants' authority to issue the Board Statement, did not "reject[s] Plaintiff's allegations that the remarks issued by the Board were done so maliciously" (Obj., at 4) or "simply adopt[s] the justification asserted by the Defendants" (*id.*) but rather looked to the text of the Board Statement itself to determine that defendants were protected by absolute immunity.

Plaintiff's objection that the Report "misapplies binding precedent as set by *Supan v. Michelfeld*, 97 A.D.2d 755, 468 N.Y.S.2d 384 (2d Dep't 1983)" (Obj., at 3) is unavailing. In *Supan*, the court did not, as plaintiff states, expressly hold that "the publication of charges levied against [plaintiff] were clearly *outside* the scope of [defendants'] respective duties and thus *not* protected by absolute immunity." (Obj., at 5) (emphasis in original). Rather, the *Supan* court found that the publication "*could have been* outside the scope of the defendants' duties and thus they *might not* have an absolute privilege with respect thereto" and therefore permitted discovery "to ascertain whether the alleged defamatory remarks were repeated to specific outside organizations and officials, the relationship of those organizations and officials to the defendants,

6

and the circumstances under which such remarks, if any, were made." *Supan v. Michelfeld*, 97 A.D.2d 755, 757 468 N.Y.S.2d 384 (2nd Dep't 1983) (emphasis added).

Unlike *Supan*, there is no uncertainty in this case as to whom the Board Statement was made and the circumstances under which it was made; that information is clear from the text of the Board Statement itself. Public statements by boards of education made in similar circumstances as those present here have been found to be protected by absolute immunity. *See Lombardo v. Stoke*, 18 N.Y.2d 394, 401-02, 222 N.E.2d 721 (1966) (finding that defendant Board of Higher Education acted within the scope of its official powers and thus should be accorded absolute privilege where, "[c]onsidering the widespread newspaper coverage given to the charges of bias, the propriety, indeed the necessity, of a public statement by the board [could] hardly be doubted.").[7]

The Court finds that defendants were acting within the scope of their official duties when they made the Board Statement. The Court hereby overrules plaintiff's objections and grants defendants' motion to dismiss Counts Two, Three and Six on the grounds of absolute immunity.[8]

---

[7]     New York courts have applied absolute immunity to public statements made by government officials in non-education contexts as well. *See Schell v. Dowling*, 240 A.D.2d 721,722, 662 N.Y.S.2d 771 (N.Y. App. Div. 2nd Dep't 1997) ("Assuming, arguendo, that the defendant made the allegedly defamatory statements to a newspaper reporter, the subject matter involved his official duties. Considering that the Health Department's handling of the tuberculosis incident had become a matter of public controversy, the forum in which the statements were made was sufficiently connected to the defendant's official duties to warrant the protection provided by the privilege."); *Energy Brands Inc. v. Cnty. of Nassau*, 266 A.D.2d 501, 501 698 N.Y.S.2d 907 (N.Y. App. Div. 2nd Dep't 1999) (finding comments made by County to press mentioning plaintiff were absolutely privileged because they concerned the health and welfare of consumers).

[8]     Because the Court finds that defendants are entitled to absolute immunity, the Court need not address defendants' other arguments for dismissal of counts two, three and six of plaintiff's complaint.

C.   Stigma-Plus Due Process Violation Under Section 1983

Plaintiff objects to the Report's finding that she has not stated a viable claim for a stigma-plus due process violation under Section 1983. To succeed on a stigma-plus claim, a plaintiff must demonstrate that her liberty was deprived without due process of law. *See Segal v. City of New York*, 459 F.3d 207, 213 (2d Cir. 2006). In the case of "an at-will government employee, the availability of an adequate, reasonably prompt, post-termination name-clearing hearing is sufficient to defeat a stigma-plus claim." *Id.* at 214.[9] "Courts have consistently held than Article 78 proceedings provide sufficient procedural protection as post-deprivation name-clearing." *Spang v. Katonah–Lewisboro Union Free Sch. Dist.*, 626 F.Supp.2d 389, 397 (S.D.N.Y. 2009). Plaintiffs are "not deprived of due process as a matter of law" where an Article 78 proceeding is available to afford "a meaningful opportunity to challenge the severance of their employment

---

[9]   It is not necessary to address here the distinction in the case law between an alleged due process violation based on "random, unauthorized acts by state employees," and an alleged due process violation "in the more structured environment of established state procedures." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Generally, where the deprivation is based on random, unauthorized acts, "the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful post-deprivation remedy." *Id.* However, "when the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of post deprivation procedures will not, ipso facto, satisfy due process." *Id.* This distinction is not determinative here because an Article 78 proceeding has been found to satisfy due process. "The Second Circuit has held that 'question of [whether a deprivation was] 'random and unauthorized,' or whether it was pursuant to 'established government procedures,' is 'moot' in the context of a public employee's wrongful-termination claim, because 'the state affords plaintiff[s], subsequent to...termination, a full adversarial hearing before a neutral adjudicator' in the form of an Article 78 proceeding—which, the Second Circuit has noted, allows a petitioner specifically to 'raise claims that the [employer] was biased and prejudged the outcome' of the termination process." *Weslowski v. Zugibe*, No. 12-cv-8755, 2014 WL 1612967, at *17 (S.D.N.Y. Mar. 31, 2014) (quoting *Locurto v. Safir*, 264 F.3d 154, 172-74 (2d Cir. 2001)).

and to clear their names." *Carter v. Inc. Vill. of Ocean Beach*, 693 F. Supp. 2d 203, 216

(E.D.N.Y. 2010).

Plaintiff alleges that because of her own misinterpretation of the language in her

employment contract,[10] she "reasonably believed that there were no post-deprivation remedies

available to her." Obj., at 7. In analyzing whether sufficient due process exists to defeat a

stigma-plus claim, "the key question is whether the governmental actor afforded the plaintiff the

opportunity to clear his name through a hearing." *Giscombe v. New York City Dep't of*

*Education*, 12-cv-464, 2013 WL 829127, at *8 (S.D.N.Y. Feb. 28, 2013). It is the *availability* of

an adequate post-deprivation remedy that is key, not whether the plaintiff, for whatever reason,

chose to avail, or not avail himself of that opportunity. *See Piccoli v. Yonkers Bd. of Educ.*, 08-

cv-8344, 2009 WL 4794130, at *5 (S.D.N.Y. Dec. 11, 2009) ("The availability of due process in

the form of an Article 78 proceeding means that there was simply no denial of due process to be

pursued in this Court under Section 1983."); *Walsh v. Suffolk Cnty. Police Dep't*, 06-cv-2237,

2008 WL 1991118, at *14 (E.D.N.Y. May 5, 2008) ("The Article 78 proceeding was available to

plaintiff...that availability means there is no constitutional violation").

---

[10]      Plaintiff's argument that the Report interprets the language in her employment contract "in a
narrower manner than was originally intended" (Obj., at 8) by ruling that "the limiting language contained
in the contract applied only to Article 75 proceedings, and not Article 78 proceedings" (*id.*), is
contradicted by the language of the employment contract. Magistrate Judge Tomlinson correctly
concluded that there was "nothing in this language to even intimate that Plaintiff waived her right to bring
a name-clearing proceeding under Article 78 of the CPLR, a completely separate statute" than the New
York Civil Service Law referenced in the employment contract. Report, at 34.

Plaintiff offers no authority, and this Court has found none, to support her argument that her failure to avail herself of the available Article 78 proceeding based on her subjective belief that such a proceeding was unavailable to her alters the above analysis.[11] In fact, where an Article 78 proceeding is available, plaintiff is "not deprived of due process simply because he failed to avail himself of the opportunity." *Giglio v. Dunn*, 732 F.2d 1133, 1135 (2d Cir. 1984). Courts dismiss stigma-plus claims where a plaintiff "could have availed [herself] of adequate post-deprivation remedies but failed to do so." *Felton v. Katonah Lewisboro Sch. Dist.*, 08-cv-9340, 2009 WL 2223853, at *7 (S.D.N.Y. July 27, 2009) (granting motion to dismiss stigma-plus claim).

In her objection, plaintiff raises, for the first time, the argument that even if an Article 78 proceeding was available, "such a hearing would have been futile." Obj., at 8. Other than citing to case law for the general proposition that in some circumstances, a stigma plus claim may be maintained if a post-deprivation hearing would be futile, plaintiff does not explain, or even plead allegations that would allow the Court to infer why an Article 78 proceeding would have been

---

[11]     Courts have rejected similar arguments regarding a plaintiff's lack of knowledge of an available Article 78 proceeding. In *Walsh v. Suffolk Cnty. Police Dep't*, 06-cv-2237, 2008 WL 1991118 (E.D.N.Y. May 5, 2008), plaintiff argued that because the police department "did not make him aware of the Article 78 proceeding," defendants should be barred from reliance on the existence of such a proceeding to preclude plaintiff's stigma-plus claim. *Walsh*, 2008 WL 1991118, at *14, n. 13. Finding such argument "unpersuasive," the Court noted that "[p]laintiff has cited no law indicating that employers in these circumstances are required to inform employees of the availability of an Article 78 proceeding and the Court concludes there is no such notice requirement in this particular situation." *Id.*

insufficient to allow plaintiff to refute the charges against her and clear her name.[12] Plaintiff's

argument that an Article 78 hearing would have been futile is no more than a legal conclusion,

unsupported by any factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937,

1950, 173 L. Ed. 2d 868 (2009). In the absence of any allegation as to why an Article 78

proceeding would have been futile in this case, the Court overrules plaintiff's conclusory

objection. Because adequate process in the form of an Article 78 proceeding was available to

plaintiff, her stigma-plus claim must be dismissed.[13]

III.     Conclusion

For the foregoing reasons, plaintiff's objections are overruled and this Court adopts the

Report in its entirety. Accordingly, defendants' motion to dismiss is granted and plaintiff's

motion to amend is denied. The Clerk of the Court shall enter judgment accordingly and close

this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

_____
Sandra J. Feuerstein
United States District Judge

Dated:  September 23, 2014
         Central Islip, New York

---

[12]     In *Intermor v. Inc. Vill. of Malverne*, 03-cv-5164, 2007 WL 2288065 (E.D.N.Y. Aug. 8, 2007), the plaintiff had also "failed to point to any reasonable justification for his belief that a [second] Article 78 proceeding would provide an inadequate post-deprivation remedy" or "offer *any* evidence from which that conclusion could be reasonably inferred." *Intermor v. Inc. Vill. of Malverne, Intermor v. Inc. Vill. of Malverne*, 03-cv-5164, 2007 WL 2288065, at *11 (E.D.N.Y. Aug. 8, 2007). The court found that "the fact that plaintiff subjectively believed it would be futile to initiate an Article 78 proceeding does not alter the fact that the state-court remedy of an Article 78 proceeding constituted a wholly adequate post-deprivation hearing for any injury suffered by plaintiff." *Id.*

[13]     Accordingly, the Court denies plaintiff's motion to amend her complaint to add allegations regarding her belief that she had waived her right to an Article 78 hearing in her employment contract.